EARL A. DEUTSCH (1924 - 2010)
TERRY L. ENGEL
FRANK R. COHEN
JERRY I. RUDMAN
MICHAEL J. DEVINE
STUART BERKS (1941 - 2008)
KENNETH W. FUNK
PHILLIP J. ZISOOK
ALVIN J. HELFGOT
JOEL A. STEIN
AARON B. ZARKOWSKY
DENNIS E. FRISBY
BRIAN D. SAUCIER
LEO G. AUBEL
KAREN KAVANAGH MACK
JEFFREY E. SCHILLER
DAVID J. BEN-DOV
MARGERY NEWMAN
JEFFREY B. HORWITZ
HAL "CORKY" KESSLER
ROBERT S. STRAUSS
KENNETH S. STRAUSS

LAW OFFICES

# DEUTSCH, LEVY & ENGEL

CHARTERED

SUITE 1700

225 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60606

(312) 346-1460

E-mail: lawyers@dlec.com
Website: www.dlec.com
FACSIMILE: (312) 346-1859

LEE E. FARBMAN
EMILY N. MASALSKI
JENNIFER ROJAS
ERIKA TOVAR
VANESSA E. SEILER
ANDA TATOIU
LAUREN LUKOFF
MICHAEL J. SYNOWIECKI

COUNSEL
PAUL M. LEVY
MARSHALL D. KROLICK
MELVYN H. BERKS

July 12, 2013

**VIA ELECTRONIC MAIL**
Abrams_NYSDChambers@nysd.uscourts.gov
The Hon. Ronnie Abrams
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Courtroom 1506
40 Foley Square
New York, NY 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/13

  Re: *Matthew Mooney v. AXA Advisors, et al.*
    *Case No. 13-CV-3093 (RA)*

Dear Judge Abrams:

  Pursuant to your Order of May 14, 2013, the parties hereby submit this joint letter.

(1) **A brief description of the nature of the action and the principal defenses thereto.**

  The Complaint seeks declarative relief and damages for violation of the Sherman Act, 15 U.S.C. §1 *et seq.* and New York State's Donnelly Act, N.Y. Gen. Bus. §340, arising from an alleged "no-switching" agreement between AXA Distributors, LLC; AXA Distributors Insurance Agency, LLC; and AXA Distributors Insurance Agency of Massachusetts, LLC, on the one hand, and a third party, the Leaders Group, which allegedly harmed the plaintiff. Plaintiff also alleges claims for defamation *per se*, breach of contract and compensation due to Mooney pursuant to a trademark license agreement between Mooney, AXA Equitable and AXA Advisors.

  The Defendants are life insurance companies and related entities (collectively, for the purpose of this letter, "AXA"), with which Plaintiff, Matthew Mooney, was associated pursuant to contracts as an Associate and Representative. Mooney also

The Hon. Ronnie Abrams
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
July 12, 2013
Page 2

licensed to AXA the use of a certain trademark ("SARP") he owns through which AXA and its agents marketed various annuity and life insurance products.

Mooney's claims arise out of his resignation from AXA. Plaintiff alleges that after he resigned, he was prevented from selling AXA annuity products for another insurance broker, the Leader's Group, with whom Mooney became affiliated, by an alleged "no-switching" agreement between Leader's Group and AXA, in violation of the Sherman and Donnelly Acts; that he has not received compensation (commissions) to which he is and was entitled under his various agreements with the AXA Defendants; that he has been denied trademark license compensation; and that he was defamed by Defendants' agents.

Defendants maintain that Mooney's claims of antitrust violations fail to state claims under either the Sherman Act or the Donnelly Act. Specifically, Defendants contend that Plaintiff has failed adequately to allege a horizontal agreement or a vertical agreement that contravenes the rule of reason. Defendants further contend that Plaintiff has failed to identify a cognizable relevant market, the Defendant's ability to impact or influence on that market, any anticompetitive effect of the challenged practice, and/or antitrust standing or injury. With respect to Plaintiff's common law claims, Defendants contend that Plaintiff has failed to state a claim for defamation per se because the alleged statements are expressions of opinion by individuals acting within the scope of a qualified privilege, and the plaintiff has failed to articulate any basis for a finding of malice or any injury. Finally, Defendants contend that Plaintiff's claims of breach of contract are contrary to his written agreements, that his assertions of breach are predicated on impermissible parol evidence and that those claims should also be dismissed.

(2)   **A brief explanation of why jurisdiction and venue lie in this Court.**

Jurisdiction is proper because the Complaint alleges a cause of action under the Sherman Act, 15 U.S.C 1 *et seq*. This Court also has diversity jurisdiction, as the case is between citizens of different states, and the amount in controversy is greater than $75,000.00, exclusive of the interest and costs.

Venue is proper in this district, as the Defendants are residents of this district, and a substantial part of the events giving rise to the claims at issue occurred in this district. Further, in the trademark license agreement between Mooney and AXA Equitable Life Insurance Company and AXA Advisors, LLC, the parties contractually agreed to venue in this district.

Defendants AXA Advisors, LLC is a Delaware limited liability company, with its principal place of business in New York City.

The Hon. Ronnie Abrams
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
July 12, 2013
Page 3

    Defendant AXA Network, LLC, is a Delaware limited liability company, with its principal place of business in New York City.

    Defendant AXA Equitable Life Insurance Company is a New York corporation, with a principal place of business in New York City.

    Defendant AXA Distributors Insurance Agency, LLC is a Delaware limited liability company.

    Defendant AXA Distributors Insurance Agency of Massachusetts, LLC, is a Massachusetts limited liability company.

(3) **A brief description of all contemplated and/or outstanding motions.**

    Defendants have had extensive discussions with Plaintiff's counsel regarding the arguable insufficiency of the antitrust, defamation and contractual claims. Plaintiff's counsel maintains that the claims are adequate, and that he does not intend to seek to amend the complaint. The parties have used their best efforts to resolve these disagreements but have been unable to do so. The Defendants are, therefore, filing a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

(4) **Discovery required for settlement negotiations.**

    The parties propose that discovery be stayed pending resolution of the Defendants' contemplated Motion to Dismiss.

    In the alternative, the parties propose a discovery schedule in which all discovery shall be completed by March 12, 2014. Discovery has not been initiated as of the date of this submission but the parties have exchanged documents in connection with settlement discussions. Such discovery will include information necessary for meaningful settlement negotiations, including information regarding Defendants' alleged use of the SARP trademark, compensation claimed to be owed to Mooney as commissions, trademark license fees and service fees, as well as discovery of AXA's contacts with Mooney's clients and Mooney's discussions with clients relating to AXA products.

(5) **Description of prior settlement discussions.**

    Prior to filing his Complaint, Plaintiff's counsel discussed settlement with AXA's counsel. Those discussions were not productive. Counsel for the parties again discussed settlement on June 19, 2013. Those discussions were similarly not productive.

The Hon. Ronnie Abrams
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
July 12, 2013
Page 4

    (6)    **Estimated length of trial.**

            Five (5) days, exclusive of jury selection.

    (7)    **Other information.**

            None at this time.

Respectfully Submitted,

By: _/s/ Phillip J. Zisook_
One of the Attorneys for Plaintiff

Phillip J. Zisook, Esq.
Leon E. Farbman, Esq.
DEUTSCH LEVY & ENGEL, CHTD.
225 W. Washington
Suite 1700
Chicago, IL 60606

and

James F.X. Hiler, Esq. (local counsel)
WECHSLER & COHEN, LLP
17 State Street
15th Floor
New York, NY 10004

Plaintiff:

**MATTHEW MOONEY**

Respectfully Submitted,

By: _/s/ Maranda Fritz_
One of the Attorneys for Defendants

Maranda Fritz, Esq.
HINSHAW & CULBERTSON, LLP
780 Third Avenue, 4th Floor
New York, NY 10017

Defendants:

AXA ADVISORS, LLC, a Delaware Limited liability Company; AXA NETWORK, LLC, a Delaware Limited Liability Company; AXA EQUITABLE LIFE INSURANCE COMPANY, a Delaware Corporation; AXA DISTRIBUTORS, LLC, a Delaware Limited Liability Company; AXA DISTRIBUTORS INSURANCE AGENCY, LLC, a Delaware Limited Liability Company; AXA DISTRIBUTORS INSURANCE AGENCY OF MASSACHUSETTS, LLC, a Massachusetts Limited Liability Company

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MATTHEW MOONEY
                    Plaintiff,
               V.
AXA ADVISORS, LLC, a Delaware Limited Liability
Company; AXA NETWORK, LLC, a Delaware Limited
Liability Company; AXA EQUITABLE LIFE
INSURANCE COMPANY, a Delaware Corporation; AXA
DISTRIBUTORS, LLC, a Delaware Limited Liability
Company; AXA DISTRIBUTORS INSURANCE AGENCY
a Delaware Limited Liability Company; AXA
DISTRIBUTORS INSURANCE AGENCY OF
MASSACHUSETTS, LLC, a Massachusetts Limited
Liability Company,
                    Defendants.
---------------------------------------------------------X

No. 13 Civ. 3093 (RA)

CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RONNIE ABRAMS, United States District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties (consent) (do not consent) to disposition of this case by a United States Magistrate Judge. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*Please circle one. If all consent, the remainder of the Order need not be completed at this time.*]

2. This case (is) (is not) to be tried to a jury. [*Please circle one.*]

3. No additional parties may be joined after November 1, 2013 without leave of the Court.

4. No additional causes of action or defenses may be asserted after November 1, 2013 without leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than July 19, 2013. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).*]

6. All fact discovery is to be completed no later than December 3, 2013. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth

in ¶ 6 above.

    a.    Initial requests for production of documents shall be served by September 16, 2013.

    b.    Interrogatories shall be served by September 16, 2013.

    c.    Depositions shall be completed by December 3, 2013.

    d.    Requests to Admit shall be served no later than November 12, 2013.

8. All expert disclosures, including reports, production of underlying documents, and depositions shall be completed by March 12, 2014. [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

9. All discovery shall be completed no later than March 12, 2014.

10. The Court will conduct a post-discovery conference on _____ at _____. [***To be completed by the Court.***] No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion (and the basis thereof) and what efforts the parties have made to settle the action.

11. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready forty-five (45) days from the close of discovery or the Court's decision on any dispositive motion.

12. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.    __X__ Referral to a Magistrate Judge for settlement discussions.

    b.    _____ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 11(b).*]

    c.    _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13.  The parties have conferred and their present best estimate of the length of trial is <u>5 days, exclusive of jury</u> selection.

SO ORDERED.

Dated:  _____
        New York, New York

                                            _____
                                            Ronnie Abrams
                                            United States District Judge

3