UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MOONEY,                                    Case No. 13-CV-3093 (MMB)

                              Plaintiff,

-against-

AXA ADVISORS, LLC, a Delaware Limited
Liability Company, et al.

                              Defendants.

### AXA ADVISORS LLC'S , AXA NETWORK LLC'S AND
### AXA EQUITABLE LIFE INSURANCE COMPANY'S RESPONSES AND
### OBJECTIONS TO FIRST SET OF PRODUCTION REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants AXA Advisors LLC ("AXA Advisors"), AXA Network LLC ("AXA Network") and AXA Equitable Life Insurance Company ("AXA Equitable") (collectively, "Defendants") by their attorneys, Thompson Hine LLP, hereby set forth their responses and objections to Plaintiff Matthew Mooney's ("Mooney" or "Plaintiff") First Set of Production Requests to All Defendants ("Request(s)"), as follows:

### GENERAL OBJECTIONS

Defendants assert the following General Objections, which are each hereby specifically incorporated into each and every numbered response. For emphasis, any particular numbered response may repeat or refer to all or a portion of the objections contained in these General Objections, but such repetition or reference is in no way intended to limit the incorporation of all of the General Objections into such numbered response.

1.      Defendants object to each Request to the extent it seeks information relating to AXA Distributors, LLC ("AXA Distributors"), AXA Distributors Insurance Agency, LLC

EXHIBIT
C

("AXA Distributors Insurance"), and AXA Distributors Insurance Agency of Massachusetts, LLC ("AXA Distributors Insurance of Mass.") (collectively, the "Dismissed AXA Entities") because those entities are non-parties and all claims against them have been dismissed by order of the court dated April 10, 2014 (Dkt. 32). Any information sought from the Dismissed AXA Entities is therefore irrelevant to the subject matter of the remaining claims in this action and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendants object to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege.

3.     Defendants object to each Request to the extent it seeks information protected from disclosure by the attorney work product doctrine.

4.     Defendants object to each Request to the extent it seeks information protected from disclosure in that such information was prepared in anticipation of litigation or for trial.

5.     Defendants object to each Request to the extent it seeks information containing, referring to, relating to or constituting personal, confidential or proprietary information.

6.     Defendants object to each Request to the extent it seeks information not within the possession, custody or control of Defendants.

7.     Defendants object to each Request to the extent that it seeks information that is within the possession, custody or control of Plaintiff.

8.     Defendants object to each Request to the extent that it is repetitive, vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request 1.**   All documents, including but not limited to communications, contained in Mooney's personnel files with AXA.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request on the basis that it is vague and ambiguous.   Subject to and without waiving the foregoing Specific and General Objections, Defendants will produce Plaintiff's Agents Hiring and Contract Administration File ("AHCA File") and Plaintiff's Branch Compliance File.

**Request 2.**   All documents, including but not limited to communications, relating to Mooney retaining his June, 1994 hiring date at AXA notwithstanding a break in service from approximately June, 2002 to June, 2003.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request on the basis that it is vague and ambiguous.   Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants have not located any responsive documents.

**Request 3.**   All documents, including but not limited to communications, relating to Mooney retaining his June, 1994 Agent Code Number at AXA notwithstanding a break in service from approximately June, 2002 to June, 2003.

**Response.**    Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request on the basis that it is vague and ambiguous.   Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants are producing responsive documents.

**Request 4.**    All documents, including but not limited to communications, which AXA prepared after June, 2003, which refer to Mooney's date of hire.

**Response.**    Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is overly broad, unduly burdensome, oppressive and vexatious.   Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 5.**    All documents, including but not limited to communications, prepared after June 1, 2004 referring to Mooney's Service Period(s) at AXA.

**Response.**    Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious.   Defendants further

4

object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 6.**   All AXA policies or procedures relating to assignment of Agent Code Numbers to agents, associates or representatives in the period 1994 through May, 2012.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Subject to and without waiving the foregoing General Objection, Defendants have not located any responsive documents.

**Request 7.**   All AXA policies or procedures relating to the determination of an agent's, associate's or representative's date of hire.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Subject to and without waiving the foregoing General Objections, Defendants have not located any responsive documents.

**Request 8.**   All documents, including but not limited to communications, relating to Mooney's abilities and competency as an investment advisor, including but not limited to his ability and competency with respect to variable annuities and variable life insurance products.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to and without waiving the foregoing

Specific Objections or any General Objection, Defendants will produce Plaintiff's AHCA File and Branch Compliance File.

**Request 9.**   All documents, including but not limited to communications, relating to the negotiation of the SARP Trademark License Agreement attached as Exhibit 3 to the Complaint.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants are producing responsive, non-privileged documents in their possession, custody and control.

**Request 10.**   All documents, including but not limited to communications, relating to compensation paid or payable to Mooney in consideration of the rights granted in the SARP Trademark License Agreement attached as Exhibit 3 to the Complaint.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants have located no documents relating to compensation paid in consideration of rights granted in the

SARP Trademark License Agreement but are producing records of payments received by Mooney, including those associated with Equivest contracts, for the period 2010 through present.

**Request 11.** All documents, including but not limited to communications, relating to the consideration for the rights granted in the SARP Trademark License Agreement attached as Exhibit 3 to the Complaint.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce the Trademark License Agreement and responsive non-privileged communications.

**Request 12.** All documents, including but not limited to communications, relating to Mooney's resignation from AXA in 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to

and without waiving the foregoing Specific Objections or any General Objection, Defendants are producing Plaintiff's AHCA and Branch Files and responsive, non-privileged communications.

**Request 13.**  All documents, including but not limited to communications, relating to Mooney going into business with former AXA agent Terrell Sachman.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is repetitive and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to the foregoing Specific Objections or any General Objection, Defendants will produce responsive, non-privileged documents for the period 2012 in their possession, custody and control, if any.

**Request 14.**  All documents, including but not limited to communications, between William Degnan on one side and any other employee, officer or agent of AXA on the other side, relating to or referring to Mooney in the period April, 2012 through the present time.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is repetitive and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-

client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to the foregoing Specific Objections or any General Objection, see Defendants' Response to Request Nos. 12 and 13.

**Request 15.**   All performance reviews relating to Mooney.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Subject to the foregoing, see Defendants' Response to Request No. 8.

**Request 16.**   All documents, including but not limited to communications, created after April 1, 2012 relating to Mooney's Book of Business at AXA.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 17.**   All documents, including but not limited to communications, created after April 1, 2012 relating to leads provided to AXA agents and representatives regarding and/or from Mooney's Book of Business.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General

9

Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 18.**  All documents, including but not limited to communications, created after April 1, 2012 relating to leads provided to Justin Scheeff and/or Greg Emmons from Mooney's Book of Business, including but not limited to contact or other information about Molly Schmittgen.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to the foregoing Specific Objections or any General Objection, Defendants will produce non-privileged documents reflecting communications with Molly Schmittgen during the period April 2012 to present in their possession, custody and control.

**Request 19.**  All documents relating to communications between Justin Scheeff and/or Greg Emmons on one side and Molly Schmittgen on the other side.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.   Subject to and without waiving any General Objection, see Defendants' Response to Request No. 18.

**Request 20.**  All documents relating to communications, after May 4, 2012 between any AXA agent or representative and any person or entity in Mooney's Book of Business.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 21.**  All documents, including but not limited to communications, relating to any part of Mooney's Book of Business being transferred to any other AXA agent and/or representative for servicing after May 4, 2012.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this

action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 22.** All documents, including but not limited to communications, relating to commissions paid after May 4, 2012, to any AXA agent or representative regarding any accounts and policies originally in Mooney's Book of Business.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing, Defendants will produce Plaintiff's commission statements for the period May 2012 to present.

**Request 23.** All documents, including but not limited to communications, relating to statements made by any AXA officer, manager, representative and/or agent of or concerning Mooney after May 4, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly

broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 24.** All documents, including but not limited to communications, relating to AXA's use of the SARP trademark in the period 1998 through the present time.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving any General Objection, Defendants will produce responsive, non-privileged documents, if any.

**Request 25.** All documents, including but not limited to communications, relating to the current status of AXA accounts initially generated through SARP, including but not limited to documents showing the current dollar value of all such accounts, account owners and all investments in such accounts after May 4, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney

work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing, Defendants will produce documents reflecting accounts generated through SARP for the period from 2010 through present.

**Request 26.** All documents, including but not limited to communications, relating to commissions paid on all accounts generated through SARP from 1998 through the present.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving any General Objection, see Defendants' Response to Request Nos. 10 and 25.

**Request 27.** All documents, including but not limited to communications, relating to transactions in accounts initially generated though SARP, from May 4, 2012 through the present time.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

14

**Request 28.**  All documents, including but not limited to communications, created after May 4, 2012 that refer to SARP.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is repetitive, and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to and without waiving any General Objection, Defendants will produce responsive, non-privileged documents, if any.

**Request 29.**  All documents, including but not limited to communications, relating to Mooney being compensated by AXA at an amount equal to .35% per quarter of the value of assets under management on annuity contracts sold by Mooney.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to and without waiving any General Objection, Defendants will produce responsive, non-privileged documents, if any.

**Request 30.**  All documents, including but not limited to communications, relating to the value of assets under management on annuity contracts sold by Mooney.

15

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 31.** All documents, including but not limited to communications, relating to the deferral of any commissions payable to Mooney.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving any General Objection, Defendants have not located any responsive documents.

**Request 32.** All documents, including but not limited to communications, relating to commissions shared between Mooney and other AXA agents or representatives relating to SARP.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General

Objections, Defendants object to this Request on the basis that it is repetitive, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to the foregoing, see Defendants' Response to Request Nos. 10, 11 and 24 through 26.

**Request 33.** All documents, including but not limited to communications, relating to commissions shared between any AXA agents or representatives relating to SARP.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to the foregoing, see Defendants' Response to Request Nos. 10, 11 and 24 through 26.

**Request 34.** All documents, including but not limited to communications, relating to AXA's promotion of SARP within AXA, including but not limited to on the AXA intranet site, "eDOX," training seminars, training programs or videos.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Subject to the foregoing, see Defendants' Response to Request No. 24.

**Request 35.** All documents relating to AXA's promotion of SARP to third persons, entities or the general public.

17

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to the foregoing, see Defendants' Response to Request No. 24.

**Request 36.**   All documents, including but not limited to communications, among AXA personnel, regarding seminars or meetings relating to SARP.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to the foregoing, see Defendants' Response to Request No. 24.

**Request 37.**   All documents, including but not limited to communications, relating to insurance policies or annuity-contracts sold through SARP in the period 2006 through the present time.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to the foregoing, see Defendants' Response to Request Nos. 24 through 26.

**Request 38.**  All documents, including but not limited to communications, relating to commissions paid to any person based upon AXA products or contracts sold through SARP in the period 2006 through the present time.

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to the foregoing, see Defendants' Response to Request Nos. 10, 11 and 24 through 26.

**Request 39.**  All documents, including but not limited to communications and statements, relating to commissions paid to Mooney in his Service Period(s).

**Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 40.** All documents relating to monies collected by AXA from customers, including but not limited to premium payments, for products sold by Mooney during his Service Period(s).

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 41.** All documents identifying the persons, entities, customers and accounts in Mooney's Book of Business as of May 1, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, and that it seeks information within the possession and control of the Plaintiff. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

20

**Request 42.** All documents, including but not limited to communications, identifying the AXA agents or representatives currently servicing any customer, or account in Mooney's Book of Business.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 43.** All documents, including but not limited to communications, relating to any process, act or conduct through which individual AXA agents or representatives other than Mooney came to be the AXA representative or agent for clients or accounts first generated by Mooney in the course of his Service Period(s).

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

21

**Request 44.** All documents, including but not limited to communications, relating to commissions payable to Mooney subsequent to May, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 45.** All documents, including but not limited to communications, relating to whether Mooney is entitled to vested commissions as defined in paragraph IV of the agreement between AXA Network, LLC and Mooney, attached to the Complaint as Exhibit 1.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request and to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 46.** All documents, including but not limited to communications, relating to whether Mooney is entitled to commissions as defined in the agreement between AXA Advisors, LLC and Mooney, attached to the Complaint as Exhibit 2.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request because it is conclusory, vague and ambiguous, and to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 47.** All documents, including but not limited to communications, relating to compensation from AXA, including but not limited to commissions and bonuses, paid to Mooney in each year of his Service Period(s) at AXA.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is repetitive, vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

Case 1:13-cv-03093-MMB   Document 41-3   Filed 11/14/14   Page 24 of 37


**Request 48.** All documents, including but not limited to communications, relating to the methodology used to compute Mooney's compensation from AXA, including but not limited to commissions and bonuses, in each year of his Service Period(s) at AXA.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 49.** All documents, including but not limited to communications, relating to commissions paid to AXA agents or representatives after May 4, 2012 relating to any customer or account previously in Mooney's Book of Business.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they

constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing, Defendants will produce Plaintiff's commission statements for the period 2010 to present.

**Request 50.** All documents, including but not limited to communications, describing the CRM Program at AXA, including but not limited to program objectives, criteria for participation in said program, training materials and sales scripts, and criteria for assigning existing clients to persons participating in said program, in the period May, 2012 through the present time.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 51.** All documents, including but not limited to communications, describing the CRU Program at AXA, including but not limited to program objectives, criteria for participation in said program, training materials and sales scripts, and criteria for assigning existing clients to persons participating in said program, in the period May, 2012 through the present time.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General

Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 52.** All documents, including but not limited to communications, relating to participants in AXA's CRM Program contacting clients from Mooney's Book of Business, including documents relating to all sales generated by such participants and the clients contacted.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 53.** All documents, including but not limited to communications, relating to participants in AXA's CRU Program contacting clients from Mooney's Book of Business, including documents relating to all sales generated by such participants and the clients contacted.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly

broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

     **Request 54.**  All documents, including but not limited to communications, directed to participants in AXA's CRM Programs, drafted after May 4, 2012, relating to Mooney's Book of Business.

     **Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

     **Request 55.**  All documents, including but not limited to communications, directed to participants in AXA's CRU Programs, drafted after May 4, 2012, relating to Mooney's Book of Business.

     **Response.**  Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this

action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 56.** All documents, including but not limited to communications, showing the policy numbers and account holders from Mooney's Book of Business where such policies, contracts or accounts were replaced by new contracts, policies or accounts after May 4, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 57.** All documents, including but not limited to communications, showing AXA policies or procedures relating to agents or representatives receiving a new Agent Code Number in conjunction with becoming re-affiliated with AXA following a break in service.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants

further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing, see Defendants' Response to Request No. 6.

**Request 58.**   All documents, including but not limited to communications, showing AXA policies relating to agents or representatives retaining their initial Agent Code Number in conjunction with becoming re-affiliated with AXA following a break in service.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.   Subject to and without waiving the foregoing, see Defendants' Response to Request No. 6.

**Request 59.**   All personnel files pertaining to Justin Scheeff, including but not limited to memos, performance reviews and customer complaints.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.   Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information containing, referring to, relating to or constituting personal, confidential or proprietary information. Defendants further object to this Request on the basis that it seeks information irrelevant to the

subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 60.** All personnel files pertaining to Greg Emmons, including but not limited to memos, performance reviews and customer complaints.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information containing, referring to, relating to or constituting personal, confidential or proprietary information. Defendants further object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 61.** All documents, including but not limited to communications, relating to Mooney not being permitted to service clients from Mooney's Book of Business, after May 4, 2012.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to the phrasing of this Request. Defendants further object because the Request is conclusory, vague and ambiguous.

**Request 62.** All documents, including but not limited to communications, between Thomas Duddy, former Divisional President of AXA Equitable East Central Region, and any other AXA officer or representative regarding Mooney's re-employment with AXA in 2003 and the conditions thereof.

30

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving any General Objection, Defendants will produce responsive, non-privileged documents in their possession, custody and control, if any, at a mutually agreed upon time and place.

**Request 63.** All documents, including but not limited to communications, regarding Mooney's re-employment with AXA in 2003 and the conditions thereof.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to the foregoing, see Defendants' Response to Request Nos. 1-3 and 62.

**Request 64.** All documents, including but not limited to communications, prepared at the direction of Christopher Condron (Former Chief Executive of AXA Financial Inc.), Ronald Lombardi (Former Assistant Marketing Director, AXA Equitable East Central Region), Anne Katcher (AXA Equitable Senior Actuary), Edward J. Feiman (AXA Advisors, LLC) and/or Stephen Cashdollar (AXA Advisors, LLC) which relate to SARP.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General

Objections, Defendants object to this Request on the basis that it is overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing, see Defendants' Response to Request Nos. 24 and 26.

**Request 65.** All documents, including but not limited to communications, relating to compensation paid to Mooney from AXA in each year of his Service Period(s) at AXA.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the basis that it seeks information that is within the possession, custody or control of Plaintiff. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing Specific Objections or any General Objection, see Defendants' Response to Request Nos. 10, 11 and 39.

**Request 66.** All documents, including but not limited to communications, relating to any changes in how the computation of compensation payable to Mooney was calculated at any time in his Service Period(s) at AXA.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and that it seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial. Subject to and without waiving the foregoing, see Defendant's Response to Request Nos. 10 and 11.

**Request 67.** All documents, including but not limited to communications, relating to former AXA agents, representatives or associates being permitted to service the clients they generated at AXA, in the absence of an Equity Letter, after they were no longer employed with AXA.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 68.** All documents, including but not limited to communications, relating to former AXA agents representatives or associates being prohibited from servicing the clients they

33

generated at AXA, in the absence of an Equity Letter, after they were no longer employed with AXA.

 **Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

 **Request 69.** All documents relating to Greg Emmon's competence to sell investment products, including variable annuities or securities.

 **Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

 **Request 70.** All documents relating to Justin Scheeff's competence to sell investment products, including variable annuities or securities.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 71.**   All documents relating to Mooney's training in the marketing and sale of investment products, including variable annuities or securities.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.  Subject to the foregoing, see Defendants' Response to Request No. 1.

**Request 72.**   All documents relating to Greg Emmon's training in the marketing and sale of investment products, including variable annuities or securities.

**Response.**   Defendants restate and incorporate herein by reference, the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks documents

35

that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

**Request 73.** All documents relating to Justin Scheeff's training in the marketing and sale of investment products, including variable annuities or securities.

**Response.** Defendants restate and incorporate herein by reference, the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Defendants object to this Request on the basis that it seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure because they constitute privileged attorney-client communications, attorney work product and/or were prepared in anticipation of litigation or for trial.

Dated: New York, New York
      July __, 2014

THOMPSON HINE LLP

By: _Maranda Fritz_
     Maranda E. Fritz
     Gabrielle Y. Vázquez
     335 Madison Avenue, 12th Floor
     New York, New York 10017
     (212) 344-5680
     *Attorneys for Defendants AXA Advisors*
     *LLC, AXA Network LLC and AXA*
     *Equitable Life Insurance Company*

TO: DEUTSCH, LEVY & ENGEL,
     CHARTERED
     Phillip J. Zisook
     Leon E. Farbman
     225 West Washington St., Ste. 1700
     Chicago, IL 60606

WECHSLER & COHEN, LLP
James F.X. Hiler
17 State Street, 15th Floor
New York, NY 10004

*Attorneys for Plaintiff Matthew Mooney*