UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MOONEY,

              Plaintiff,

-against-

AXA ADVISORS, LLC, a Delaware Limited
Liability Company, et al.,

              Defendants.

Case No. 13-CV-3093 (MMB)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants AXA Advisors, LLC ("AXA Advisors"), AXA Network, LLC ("AXA Network") and AXA Equitable Life Insurance Company ("AXA Equitable") (collectively, "Defendants"), by their undersigned counsel, hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion to Compel filed on November 14, 2014 (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff filed this motion notwithstanding ongoing communications with Defendants regarding the scope of Plaintiff's requests, Plaintiff's subsequent "clarification" of his requests, Defendants' agreement to produce electronic communications, and Defendants' explanation that the production was simply delayed. As Defendants have sought to convey to Plaintiff, Defendants produced responsive hard copy documents and files, and have made good faith efforts to supplement their production of hard copy documents with responsive electronic files, but have been unavoidably delayed by technological and logistical roadblocks outside of their control, which have finally been resolved. In fact, Defendants' first supplemental production is expected to begin on December 8, 2014 and conclude by December 12, 2014. Plaintiff's

Motion, while disguised as a laundry list of discovery related issues, is (at its crux) the result of Plaintiff's decision to reject Defendants' honest explanations and good faith attempts to resolve unfortunate and unavoidable – but ultimately resolved – delays in the electronic document review and production process.   As demonstrated below, Plaintiff is not entitled to an order compelling the discovery he requests (most of which is not actually in dispute) nor to his other requested relief.[1]

## STATEMENT OF FACTS

Plaintiff's motion to compel was filed in the midst of his continuing onslaught of discovery demands.  On April 4, 2014, Plaintiff served his First Request for Production ("First RFP") on Defendants, which consisted of <u>73 individual requests</u>.   After discussions with Plaintiff's counsel concerning the scope of his requests, Defendants' were able to locate and produce more than one thousand pages of hard copy documents including the Plaintiff's personnel and compensation information on July 15, 2014.  At the time, Plaintiff was made aware that this was an initial production of hard copy documents only, which would be supplemented with electronic documents that were in the process of being collected for review and production.  Defendants thereafter advised Plaintiff of the progress (and continuing logistical difficulties faced) with its collection, review and production of electronic documents.

On September 16, 2014, Plaintiff served its Second Request for Production ("Second RFP"), which consisted of 40 individual requests (with numerous subparts) – most of which were duplicative and repetitive of the First RFP, for which responses were due on October 16, 2014.  Thereafter, on September 30, 2014, Plaintiff's counsel wrote a letter to Defendants'

---

[1] Although Defendants maintain that there are substantial deficiencies in Plaintiff's own discovery responses and productions as of the date of this filing, Defendants still believe that these deficiencies may be resolved without resorting to court intervention and for that reason has neither moved for a motion to compel nor included such deficiencies as part of this motion.  Nevertheless, Defendants expressly reserve their rights to do so at a later time, if necessary.

counsel requesting a Rule 37 Conference to address what he viewed as discovery deficiencies at the time. Counsel for Plaintiff and Defendants participated in a conference call on October 6, 2014 wherein the purported deficiencies were discussed and a new schedule for production was agreed upon. During that conference Plaintiff's counsel made clear that his Second RFP was an attempt to refine and streamline his First RFP in order to facilitate the parties to focus their discovery efforts going forward. While that production was due to Plaintiff 30 days ago, Defendants' have suffered additional delays and expect the production to occur within the next two weeks.

Notably, Plaintiff's further demands for discovery just keep on coming. On November 7, 2014, Plaintiff served his Third Request for Production ("Third RFP") on Defendants, which consists of 12 individual requests, which responses were due 30 days thereafter on December 1, 2014. On December 1, 2014, Plaintiff filed his Fourth Request for Production ("Fourth RFP"), which consists of 3 individual requests, and his Second Set of Interrogatories, which includes 8 individual interrogatories (with numerous subparts), which responses are due 30 days thereafter on December 31, 2014.

## DISCUSSION

I.   **Plaintiff Is Not Entitled To An Order Compelling Disclosure Because Defendants Have Either Already Provided Or Already Agreed To Provide The Requested Documents And Information**

There is no dispute that Defendants have already (1) responded and objected to Plaintiff's Interrogatories (including Interrogatory No. 3), (2) responded and objected to Plaintiff's First RFP, and (3) produced responsive documents consisting of over one-thousand pages collected from the Defendants' hard copy files on July 15, 2014. There is also no dispute that Defendants have agreed to each of the following as part of the discovery process in this case, which Plaintiff

now seeks to compel production of by means of this unnecessary motion, despite his awareness of Defendants' agreement to and ongoing efforts to produce:

1. Defendants have executed Plaintiff's proposed protective order.

2. Defendants already responded to Interrogatory 3 of Plaintiff's First Set of Interrogatories, and identified a witness as requested.

3. Defendants have agreed to verify their Responses and Objections to Plaintiff's First Set of Interrogatories to All Defendants.

4. Defendants have agreed to provide documents relating to SARP commissions, sales, marketing and agreements.

5. Defendants have agreed to respond and object to Plaintiff's Second Request for Production of Documents, which (1) is largely duplicative of the First Request for Production of Documents, which Defendants already responded and objected to, and (2) Plaintiff has described as a mere revision of his original requests that attempts to streamline the discovery already sought.

Plaintiff's Motion as to the above items is therefore entirely unnecessary and requests relief to which he is not entitled under Rule 37 of the Federal Rules of Civil Procedure, which as relates to this motion, only permits a motion to compel "an answer, designation, production, or inspection . . . if [. . .] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).  Neither of those conditions is present as to the requests identified above, and Plaintiff's motion should therefore be denied.

## II. Plaintiff Is Not Entitled To An Order Compelling Disclosure Because He Did Not Confer With Defendants In Good Faith

Among the litany of requests Plaintiff has martialed in support of his Motion, are purported issues about which he never conferred with Defendants (in good faith or otherwise), prior to making his Motion.  Rule 37(a)(1) of the Federal Rules of Civil Procedure expressly requires Plaintiff to affirm that he "in good faith conferred or attempted to confer with the person

or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Specifically, Plaintiff did not confer or attempt to confer with Defendants about his disagreement with Defendants' objection to the breadth of his requests, in particular numbers 27, 31, and 39. Nor did Plaintiff confer or attempt to confer with Defendants about his request for immediate production of a privilege log pertaining to requests 2-5, 8-14, 16-18, 20-33, 35-58, 62-73. Plaintiff's failure to confer in good faith with Defendants about these disputes is sufficient to preclude the award of an order compelling such discovery at this time.

Moreover, as Plaintiff is aware, Defendants are amenable to discussion on both the breadth of his requests and the most efficient manner of providing a privilege log in light of Defendants' ongoing document review and production as well as Plaintiff's continuous stream of additional discovery requests. Defendants do not believe it is fruitful to engage in the preparation of detailed privilege logs at this stage of discovery, which only further slow Defendants' efforts to work through the supplemental production and other discovery demands by Plaintiff.

### III.   Plaintiff Is Not Entitled To An Order Compelling Production Of Documents Relating To Sales By AXA After Plaintiff's Departure In May 2012

Plaintiff has raised a handful of legitimate disputes between the parties, all of which relate to his request for documents relating to sales, commission and "leads" provided to AXA Agents after Plaintiff's departure in May 2012. Each of these disputes represents a request by Plaintiff for discovery to which he is not entitled, and his Motion should therefore be denied on that basis. (*See* Requests Nos. 16-17, 21-22, 25, 43, 49, 52-56; Zisook Affidavit, ¶¶12-18.)

By way of background, Plaintiff has sought documents relating to any sales under any "SARP" program, and Defendants have agreed to produce those. Plaintiff also sought, and Defendants have agreed to produce, documents relating to renewals of policies that he sold. But

Plaintiff has sought yet other documents concerning any activity involving Mooney's supposed "customers" or "book of business" after his departure from AXA, and that demand is entirely different – and unwarranted.  When Plaintiff separated from AXA, he had not achieved a level of productivity such that he earned the right to continue to service existing clients.  Plaintiff's request for documents regarding the continued service of those AXA clients by AXA representatives therefore bears no relation to any of Plaintiff's claims.

Accordingly, the documents relating to sales and commissions after May 2012 – beyond those which the Defendants have *agreed* to produce -- are neither relevant to Plaintiff's claims in this case nor are they likely to lead to the discovery of information relevant to the claims in this case.   It would be unduly burdensome to require Defendants to engage in such extensive document collection, review and production of documents  on a topic that does not and cannot form the basis for any claim – particularly given Plaintiff's demonstrated propensity for assertion and repetition of literally hundreds of other demands.  Plaintiff's Motion should therefore be denied because it requests an order compelling production of documents to which Plaintiff is not entitled.

**IV.    Plaintiff Is Not Entitled To Attorneys' Fees In Connection With The Filing Of This Motion**

Plaintiff's request for Attorneys' Fees should also be denied because the Motion itself should be denied for all the reasons stated above, and Plaintiff is therefore not entitled to Attorneys' Fees.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Should the Court deny Plaintiff's Motion in its entirety, as Defendants maintain it should, the Court should also require that Plaintiff, in the future, comply with this Court's rules, which preclude a Rule 37 motion unless the moving party "has first requested an informal conference with the Court by letter-motion for a pre-motion

discovery conference . . . and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." Local Civil Rule 37.2.

Here, Plaintiff was fully aware that Defendants were agreeing to produce substantial documents but were confronted with difficulties in the collection, review and production of electronic documents responsive to his overwhelming number of discovery demands in this case (now up to 128). Plaintiff not only proceeded to file this motion but also ignored the conference process that likely would have led to a resolution of these issues. This Court should not, therefore, order Defendants to pay Plaintiffs' Attorneys' Fees because (a) Plaintiff filed the motion before attempting in good faith to obtain discovery without court action and without even conferring on certain issues; (b) Defendants' delay in providing further discovery was the result of unavoidable technological and logistical difficulties discussed above, and (c) it would generally be unjust to require Defendants' to bear the burden of Plaintiff's motion, which is largely based on Defendants' frustration regarding the production delays as opposed to any actual refusal to produce on the part of the Defendants. *See* Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

For the foregoing reasons, Defendants AXA Advisors, AXA Network and AXA Equitable respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety.

Dated: December 2, 2014
       New York, New York

                                        THOMPSON HINE LLP


                                        By:    /s/ Maranda E. Fritz
                                               Maranda E. Fritz
                                               335 Madison Avenue, 12th Floor
                                               New York, New York 10017
                                               Tel. (212) 344-5680
                                               Fax. (212) 344-6101
                                               Maranda.Fritz@ThompsonHine.com

*Counsel for Defendants AXA Advisors, LLC, AXA Network, LLC and AXA Equitable Life Insurance Company*