## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW MOONEY** <br><br> Plaintiff, <br><br> v. <br><br> **AXA ADVISORS, LLC,  a Delaware Limited Liability Company, et al.;** <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO.  13-3093** |

## DISCOVERY and SCHEDULING ORDER

**AND NOW**, this 16th day of December, 2015, the Court held an extensive argument on discovery issues and a conference on scheduling on Friday, December 11, 2015.  The plaintiff had filed a motion to compel (Docket No. 63), and the Court held several telephone conferences with counsel, ruling on several issues that defendants should provide additional information. The correspondence from counsel dated November 24, 2015 summarized the results of further discussions between them.  Plaintiff asserts defendant has refused to supply documents in four separate categories, all of which were related to the amount of damages to which plaintiff may be entitled if he had a successful verdict on liability.  After full discussion, the Court ruled it would not require defendant to produce additional documents on any of these four categories at this time for reasons stated in the transcript of the hearing.

The argument then focused on three categories of documents, see defendant's letter of November 24, 2015 asserting plaintiff was obliged to provide these documents.  After discussion on these items, the Court agreed with defendant on the first two categories but ruled against any requirement that plaintiff produce documents in the third category, formation of Sachman Mooney and Association with Lenders and North Coast, at this time.

As the Court stated in greater detail on the record at the hearing, the categories of documents, of which the Court refused to require either party to produce further information, were burdensome requests, related solely to the amount of damages, and the search for and collection of those documents would be difficult and very expensive because of the broad nature of the requests. Further, experts for either party would be able to make projections or otherwise testify, from currently available data, and/or from the results of either party's own investigation, concerning the amount of damages to which plaintiff may be entitled. Any further similar requests may warrant the Court to condition the search for and production of documents to be paid for by the requesting party.

Based on the Court's rulings to date, plaintiff's motion to compel (ECF 63), is **GRANTED** in part and **DENIED** in part.

Turning to the issue of scheduling, the Court has urged the parties to schedule all necessary depositions so that they could take place within the next ninety days. Defendant has indicated intention to file a dispositive motion, and new dates need to be set for the exchange of expert reports.

The Court requires counsel to have further discussions about implementing the Court's rulings on discovery disputes promptly, and to also attempt to arrive at an agreeable new deadline for fact discovery and then the remaining dates, hopefully retaining the current "trial pool" date of September 16, 2016.   Counsel shall also consider possible bifurcation of the trial of this case as to liability and damages.

The Court scheduled a further telephone conference call on the record for Friday, December 18, 2015 at 10:00 am. The plaintiff shall initiate the call and when all parties are on

the line dial Chambers at 267-299-7520. The Court requests counsel to send either an agreed

upon, or separately proposed, Scheduling Order, prior to the telephone conference.

BY THE COURT:

MICHAEL M. BAYLSON, U.S.D.J.

O:\CIVIL 13\13-3093Mooney v. AXA\13cv3093.discovery ord.doc